UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL ROBERTS, GEORGE ROBERTS and
SHIRLE ROBERTS,

                        Plaintiffs,

v.                                          Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                        Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Michael Roberts, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, George Roberts, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Plaintiff, Shirle Roberts, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. That Plaintiffs, George and Shirle Roberts, are the grandparents of Plaintiff, Michael Roberts.

8. Defendant, Mercantile Adjustment Bureau, LLC, is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. That at all times relevant herein, Plaintiffs were and are "persons" as defined by 47 U.S.C.§153(32).

10. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

13. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

14. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. Defendant regularly attempts to collect debts alleged to be due another.

17. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

18. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

19. That Plaintiff Michael Roberts incurred a student loan debt to Sallie Mae. This debt will be referred to as "the subject debt."

20. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. That Plaintiff Michael Roberts thereafter defaulted on the subject debt.

22. That upon information and belief Defendant was employed by Sallie Mae to collect on the subject debt.

23. That in or about 2010, Defendant began calling Plaintiff Michael Roberts multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

24. That in or about 2010, Defendant began calling Plaintiffs George Roberts and Shirle Roberts multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

25. That Plaintiff's George and Shirle Roberts both had multiple conversations with the Defendant in which they stated to the Defendant that Michael Roberts did not live with them and to stop calling them. That despite the Plaintiff's repeated requests, Defendant continued to call the Plaintiffs George and Shirle Roberts at their home.

26. That Defendant on multiple occasions asked Plaintiffs George and Shirle Roberts to pass a message to their grandson Michael Roberts that Defendant was calling for him and would like him to call them back. That the latest of these requests occurred in or about fall of 2012.

27. That Defendant would leave messages on Plaintiffs George and Shirle Roberts' home phone's answering machine stating that they were debt collectors and that they were calling to collect a debt from Michael Roberts.  That the Defendant has left such a message multiple times including as late as November 2012.

28. That during the first of these aforementioned calls, Plaintiff, Michael Roberts, informed Defendant that they should stop calling his grandparents, George and Shirle Roberts. That despite Plaintiff Michael Roberts request, Defendant continued to call Plaintiffs George and Shirle Roberts.

29. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

**V. COUNT ONE**
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

30. Plaintiffs repeat, re-allege and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692b(2) by contacting the Plaintiff Michael Roberts' grandparents and disclosing Plaintiff's debt to them and by calling them other than for location information for the alleged debtor.

B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse or harass.

C. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by requesting that Plaintiffs George and Shirle Roberts pass a message to Plaintiff Michael Roberts that Defendant called looking for him and wanted him to call them back.

D. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff Michael Roberts a 30-day validation notice within five days of the initial communication.

32. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

29. Plaintiffs repeat, reallege and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff Michael Roberts' cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages and/or after Plaintiff revoked said consent.

31. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

33. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls

that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorney fees.

36. Plaintiffs received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

37. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

5

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  November 14, 2012

        /s/ Seth J. Andrews_____
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       sandrews@kennethhiller.com